Supreme Court—Kelleher v. Borden's Condensed Milk Co.

PETER KELLEHER, BY ELIZABETH KELLEHER, HIS NEXT
FRIEND, AND ELIZABETH KELLEHER, INDIVIDU-
ALLY, PLAINTIFFS, v. BORDEN'S CONDENSED MILK
COMPANY AND HARRY AHLBORN, DEFENDANTS.

Submitted November 6, 1924—Decided May 5, 1925.

Negligence—Boy, Working for Driver of Milk Wagon, Fell Under
Wheel of Wagon—Action Against Driver's Employer and
Against Driver as to Boy Nonsuited on Plaintiffs' Motion,
But Continued Against Driver by Boy's Mother, Resulting
in Judgment—Held, Verdict Not Against Weight of Evi-
dence; That Contention That Plaintiff Had No Claim Be-
cause of Voluntary Nonsuit as to Son is Without Merit;
the Employment of the Boy Did Not Come Within the
Statute Relating to Employment of Boys in Manufacturing
or Mercantile Establishments, or in Mines, Quarries or in
Agricultural Pursuits.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER
and KATZENBACH.

For the plaintiffs, *Lazarus, Brenner & Vickers.*

For the defendants, *Harry Ahlborn, John A. Hartpence*
(*Wall, Haight, Carey & Hartpence,* of counsel).

PER CURIAM.

This case is before us on a rule to show cause allowed on
the application of the defendant Harry Ahlborn. The case
was tried at the Hudson Circuit. As originally instituted, it
was an action by Peter Kelleher, by Elizabeth Kelleher, his
next friend, and Elizabeth Kelleher, individually, against
Borden's Condensed Milk Company and Harry Ahlborn.
Elizabeth Kelleher was the mother of Peter Kelleher.

The testimony disclosed that Ahlborn was an employe of
the Borden Company, not the Borden's Condensed Milk Com-

pany, as declared against in the complaint. He was a driver of a milk wagon belonging to the Borden Company. He employed Peter Kelleher, a boy just approaching fourteen years of age, to assist him in delivering milk. On June 29th, 1920, while thus engaged, the boy was coming from a house on West Forty-fourth street, in Bayonne, with a number of empty milk bottles in his arms. Kelleher testified that he asked Ahlborn to give him assistance in getting on the wagon, and Ahlborn replied "you are no cripple, get on yourself." The boy had his left foot on the step at this time, and as he was in this dangerous position, Ahlborn started the horse going. Kelleher was thrown under the wagon and broke his left leg. The fracture was a compound one of the femur (the upper bone of the leg) at the junction of the upper and middle third. Kelleher was in a hospital from June 29th to September 11th, 1920. For two months afterwards he was under the care of a physician. On November 11th, 1922, he entered the navy. The contention was that his left leg was slower in movement than the right leg. It is, however, unnecessary to go into this matter, because during the course of the trial his counsel moved for a voluntary nonsuit as to him and also as to the Borden Company, as it was shown that Ahlborn acted contrary to instructions in employing anyone to assist him in the delivery of the milk. The trial was then continued merely as a suit by Mrs. Kelleher, the mother of the boy, to recover the damages which she had sustained by reason of her son's accident. The case was submitted to the jury as to the mother's claim, and a verdict was returned against Ahlborn for $433. Ahlborn then obtained the present rule to show cause, which he now presses.

The first contention made in behalf of the defendant is that the verdict was contrary to the weight of the evidence. After the accident the boy was spoken to by a police officer of Bayonne by the name of Smeaton, who asked him how it occurred. Smeaton said that Kelleher replied, "Well, I was coming out of the house, and I went to catch the wagon and I missed the step, and I fell underneath the wheel." Another police officer by the name of Keegan testified that Kelleher

said he slipped getting on the wagon and went in under the wheel. Ahlborn denied that he had started his horse after the boy's request for assistance. The testimony of the police officers is not wholly contradictory of Kelleher's statement of the occurrence. Moreover, these statements were made by Kelleher immediately after the accident, when he was in great pain, and probably did not state fully all the circumstances leading up to the accident. We think the jury justified in believing the boy's statement, and not Ahlborn's, as to how the accident occurred. Ahlborn was violating the rules of the company. He was paying Kelleher from fifty cents to seventy-five cents a day to do a large part of his work in disobedience of his instructions. This effected his credibility. We have reached the conclusion that the verdict is not contrary to the weight of the evidence, and that it should not be disturbed on this ground.

The next point made by the defendant is that the mother has no claim against Ahlborn because of the voluntary nonsuit entered in the son's case. The contention is that by entering the voluntary nonsuit the plaintiff admitted that the boy could not recover against Ahlborn, and that if he could not recover against Ahlborn his mother could not recover. There is no merit in this contention. The entry of a voluntary nonsuit in the boy's case does not preclude the commencement of another suit in behalf of the boy. A nonsuit concludes nobody. *Penrose* v. *Absecon Land Co.,* 94 *N. J. Eq.* 436. The mother could have, in the first instance, instituted a suit without joining her son's suit with her's. If she could do this she could continue the prosecution of her suit after the nonsuit was entered in her son's action, and recover the damages which she had sustained from Ahlborn, if he was responsible for her loss.

The next point urged is that as the statute regulating the age, employment, safety and working hours of persons, employes in manufacturing plants, as amended by *Pamph. L.* 1918, *p.* 745, bars the boy from entertaining a suit, the mother's action is, consequently, barred. The act referred to prevents the employment of minors under certain ages in

mercantile establishments, and construes mercantile establishments to apply to any workshop, mill or place where the manufacture of goods of any kind is carried on, mine, quarry or in agricultural pursuits. We think this statute inapplicable to the kind of employment Kelleher was engaged in at the time of the accident. Assisting in the delivery of milk from a wagon is not an employment in a mercantile establishment, mine, quarry or agricultural pursuit.

There were exceptions taken to the refusal to charge certain requests made by the defendant. These are not argued in the brief of the defendant, and, therefore, under the decisions, will not be considered.

The rule to show cause is discharged, with costs.